UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL AIR TRAFFIC )
CONTROLLERS ASSOCIATION, )
AFL-CIO, )
 )
      Plaintiff, )      CASE NUMBER  1:06CV00053
 )
      v. )      JUDGE: Emmet G. Sullivan
 )
FEDERAL AVIATION )      DECK TYPE: FOIA/Privacy Act
ADMINISTRATION, )      DATE STAMP: 01/12/2006
 )
      Defendant. )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.    Plaintiff National Air Traffic Controllers Association, AFL-CIO hereby brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel the Federal Aviation Administration to produce requested records relating to the New York Terminal Radar Approach Control Operational Assessment Overview (NY TRACON Overview). As of the drafting of this complaint, the Federal Aviation Administration has withheld all NY TRACON Overview records requested by the National Air Traffic Controllers Association.

### JURISDICTION

2.    This court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3.   Plaintiff National Air Traffic Controllers Association, AFL-CIO (NATCA) is the exclusive representative of a nationwide bargaining unit of air traffic controllers employed by the Federal Aviation Administration.

4.   Defendant Federal Aviation Administration (FAA) is an agency of the federal government of the United States and has possession of and control over the records Plaintiff seeks.

## STATEMENT OF THE FACTS

5.   On June 2, 2005, the FAA released its NY TRACON Overview. The NY TRACON Overview was a 60-day-on-site FAA investigation of the New York Terminal Radar Approach Control (TRACON) facility. Specifically, the NY TRACON Overview focused on the issues of operational errors and safety problems at the facility. The NY TRACON Overview was performed by a FAA management team. On March 1, 2005, this FAA assembled management team began collecting data for the overview. During the period of data collection, the team conducted an audit of radar and voice data, facility scheduling practices, shift assignment, controller-on-time position, and overtime and leave usage. The audit also consisted of interviews with FAA employees and contractors located throughout the country.

6.   On August 10, 2005, in order to properly review the findings and conclusions put forth by the FAA in the NY TRACON Overview, NATCA submitted a FOIA request to the FAA. NATCA's FOIA request included ten individual demands for FAA controlled documents. The FOIA request principally sought relevant information pertaining to FAA employees or contractors that participated in the NY TRACON

Overview, including their operational experience and specific expertise related to staffing analysis. The FOIA request also asked for information concerning the FAA's rationale for initiating the NY TRACON Overview, as well as any records reflecting the cost to the FAA of media and public relations activities connected to the publication, distribution, and explanation of the NY TRACON Overview. Finally, the FOIA request solicited for any correspondence between FAA management and their agents regarding the NY TRACON Overview, including, but not limited to, correspondence regarding the evaluation of operational errors at the facility.

7. By letter dated September 13, 2005, and signed by Joann Noonan, FAA FOIA Specialist, the FAA acknowledged receipt of NATCA's August 10, 2005 FOIA request pertaining to the NY TRACON Overview. The letter assigned NATCA's FOIA request with the reference number of 2005-007489. The letter further noted that NATCA's FOIA request had been assigned for action to the FAA's Eastern Region office and that all inquires as to the status of the request should be made to Trina Hankerson, FAA FOIA Coordinator.

8. By letter dated October 4, 2005, and signed by Freddy Valerio, FAA Quality Assurance Staff Member, the FAA informed NATCA that its FOIA request had been forwarded to the FAA's Washington Headquarters, Office of Air Traffic Organization. The letter further provided that all inquires as to the status of the request should be made to Esther Bestpitch, FAA FOIA Coordinator. Additionally, by another letter dated October 4, 2005, and signed by Melanie Yohe, FAA FOIA Management Specialist, the FAA notified NATCA that its FOIA request dated August 10, 2005 had been incorrectly assigned to the FAA's Eastern Region. As with the initial letter of

October 4, 2005, this letter also explained that the FOIA request had been re-assigned to the FAA's Office of Air Traffic Organization and that the FAA contact person was Esther Bestpitch, FAA FOIA Coordinator.

9. On October 31, 2005, Connie Moran, FAA FOIA Coordinator, sent Marguerite Graf, NATCA General Counsel, an email confirming an early phone conversation between them regarding the FAA's request for an extension of the time limits for complying with the subject FOIA request. The email acknowledged that NATCA had agreed to extend the time limit for FAA compliance with the subject FOIA request to November 30, 2005.

10. By letter dated November 30, 2005, and signed by Connie Moran, FOIA Coordinator, the FAA informed NATCA that it had been unable to retrieve all the information requested in the subject FOIA. As a consequence, the FAA requested from NATCA another extension of the time limits for complying with the subject FOIA request to January 18, 2006.

11. By letter dated December 7, 2005, and signed by Marguerite Graf, NATCA General Counsel, NATCA denied the FAA's request for an extension to January 18, 2006 and requested that the FAA immediately provide all information that had been retrieved under the subject FOIA request as of December 7, 2005.

## CLAIM FOR RELIEF

12. The records at issues in this action – documents, files, data, interview transcripts, correspondence, etc. that were used by the FAA in formulating the NY TRACON Overview – are agency records of the FAA. NATCA requested the release of these records, and the FAA failed to release them.

13. Under 5 U.S.C. § 552(a)(6)(A)(i), the FAA has 20 working days to respond to FOIA requests. More than 20 working days have passed since the FAA received NATCA's August 10, 2005 request, yet NATCA has not received a determination from the FAA concerning the request, nor has the FAA produced any records in response to the request. Therefore, NATCA has exhausted its administrative remedies with regard to the request.

14. NATCA has a statutory right under FOIA, 5 U.S.C. §552(a)(3), to the requested records and no legal basis exists for the FAA's failure to disclose the records.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court:

A) Declare that Defendant's failure to disclose the requested records pertaining to the NY TRACON Overview is unlawful under FOIA;

B) Order Defendant to immediately make the requested records available to Plaintiff;

C) Award Plaintiff costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

D) Grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Marguerite L. Graf (D.C. Bar No. 455693)
Attorney for Plaintiff
National Air Traffic Controllers Association
1325 Massachusetts Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 628-5451
Fax: (202) 628-5767

Dated: January 12, 2006