UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL AIR TRAFFIC CONTROLLERS ASSOCIATION, AFL-CIO<br>1325 Massachusetts Avenue, N.W.<br>Washington, D.C. 20005<br><br>      Plaintiff,<br><br>      v.<br><br>FEDERAL AVIATION ADMINISTRATION,<br>800 Independence Avenue, S.W.<br>Room 1010<br>Washington, D.C. 20591<br><br>      Defendant. | Civil Case No. 1:06CV00053 (EGS) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff National Air Traffic Controllers Association, AFL-CIO ("NATCA") hereby respectfully opposes Defendant Federal Aviation Administration's Motion for Summary Judgment. Plaintiff also hereby submits a Cross-Motion for Summary Judgment. As grounds for this Cross-Motion for Summary Judgment, NATCA asserts that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. A Memorandum of Points and Authorities opposing Defendant's Motion for Summary Judgment and setting forth the reasons for summary judgment in NATCA's favor is attached hereto.

Respectfully submitted,

Dated: August 4, 2006

/s/ Marguerite L. Graf
Marguerite L. Graf (D.C. Bar No. 455693)
Attorney for Plaintiff
National Air Traffic Controllers Association
1325 Massachusetts Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 628-5451
Fax: (202) 628-5767

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL AIR TRAFFIC CONTROLLERS ASSOCIATION, AFL-CIO<br>1325 Massachusetts Avenue, N.W.<br>Washington, D.C. 20005<br><br>        Plaintiff,<br><br>        v.<br><br>FEDERAL AVIATION ADMINISTRATION,<br>800 Independence Avenue, S.W.<br>Room 1010<br>Washington, D.C. 20591<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No.  1:06CV00053 (EGS) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff respectfully submits this Memorandum of Points and Authorities in opposition to Defendant's Motion for Summary Judgment and in support of Plaintiff's Cross-Motion for Summary Judgment.

**I.    INTRODUCTION**

Plaintiff National Air Traffic Controllers Association, AFL-CIO ("NATCA") brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the Federal Aviation Administration ("FAA" or "the Agency") to produce requested records relating to the New York Terminal Radar Approach Control Operational Assessment Overview ("NY TRACON Overview"). Plaintiff NATCA is the exclusive representative of a nationwide bargaining unit of air traffic controllers employed by the FAA. Defendant FAA is an agency of

1

the federal government of the United States and has possession of and control over the records Plaintiff seeks.

On June 2, 2005, the FAA released the NY TRACON Overview. The NY TRACON Overview was a 60-day-on-site FAA investigation of the New York Terminal Radar Approach Control ("TRACON") facility. Specifically, the NY TRACON Overview focused on the issues of operational errors and safety problems at the facility. The NY TRACON Overview was performed by a FAA management team. On March 1, 2005, this FAA assembled management team began collecting data for the overview. During the period of data collection, the team conducted an audit of radar and voice data, facility scheduling practices, shift assignment, controller-on-time position, and overtime and leave usage. The audit also consisted of interviews with FAA employees and contractors located throughout the country.

On August 10, 2005, in order to properly review the findings and conclusions put forth by the FAA in the NY TRACON Overview, NATCA submitted a FOIA request to the FAA. NATCA's FOIA request included ten separate inquires concerning FAA controlled documents. The FOIA request principally sought relevant information pertaining to FAA employees or contractors that participated in the NY TRACON Overview, including their operational experience and specific expertise related to staffing analysis. The FOIA request also asked for information concerning the FAA's rationale for initiating the NY TRACON Overview, as well as any records reflecting the cost to the FAA of media and public relations activities connected to the publication, distribution, and explanation of the NY TRACON Overview. Finally, the FOIA request solicited correspondence between FAA management and their agents regarding the NY TRACON Overview, including, but not limited to, correspondence regarding the evaluation of operational errors at the facility.

On January 12, 2006, following numerous requests by NATCA asking the FAA to produce the required documents, this action was filed by NATCA in the United States District Court for the District of Columbia. Subsequent to NATCA's commencement of this action, the FAA began a rolling production of requested documents. The FAA's first release of records to NATCA was on March 28, 2006. Four other releases of records occurred on April 24, 2006, April 28, 2006, May 5, 2006, and May 8, 2006. The total production consisted of five (5) boxes of records in the form of paper documents and data on compact discs. A portion of the documents released to NATCA contained redacted information. The parties have conferred and agreed that some of the redacted documents, as listed in the *Vaughn* index, are not in contention.

Notwithstanding this limited agreement between the parties, the FAA has improperly withheld and redacted information to which NATCA is legally entitled through the guise of FOIA Exemptions (b)(4) and (b)(5). Contrary to the Defendant's assertions, the FAA's withholding and redacting of requested information was improper under applicable law. Accordingly, the FAA is not entitled to summary judgment in this action as a matter of law. Further, because the FAA is not able to assert a legitimate reason for withholding the requested documents, the FAA should be ordered to release the redacted and withheld information originally requested by NATCA.

## II. STANDARD OF REVIEW

### a. Legal Standard for Summary Judgment in a FOIA Case

Summary judgment may be granted when the pleadings and evidence demonstrate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). In FOIA cases where summary judgment is

sought, an agency's decision to withhold information from a FOIA requester is subject to *de novo* review by the courts. 5 U.S.C. § 552(a)(4)(B); *Hayden v. National Security Agency/Cent. Sec. Serv.*, 608 F.2d 1381, 1384 (D.C.Cir.1979), *cert. denied*, 446 U.S. 937 (1980).

To be entitled to summary judgment on a FOIA claim, the agency must prove that each document was either produced, not withheld, unidentifiable, or exempt from disclosure. *Weisburg v. DOJ*, 627 F.2d 365, 368 (D.C.Cir.1980). To meet its burden, the agency may rely on affidavits or declarations and other evidence by the agency. Fed.R.Civ.P. 56(e); *Center for International Environmental Law v. Office of U.S. Trade Representative*, 237 F.Supp.2d 17, 23 (D.D.C.2002)(noting that the affidavits or declarations must describe "the documents and justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record or by evidence of agency bad faith."). The government bears the burden of proving that the withheld documents fall within a FOIA exemption. *Mead Data Cent., Inc. v. Dep't of Air Force*, 566 F.2d 242, 251 (D.C.Cir.1977). Moreover, summary judgment is only proper, after construing all the evidence in the light most favorable to the nonmoving party. *Spannaus v. C.I.A.*, 841 F.Supp. 14, 15 (D.D.C.1993). In order to prevail, the moving party in a FOIA action "bears the burden of establishing that there are no genuine issues of material fact and that the nonmoving party has failed to offer sufficient evidence to support a valid legal claim." *Scheer v. U.S. Dep't of Justice*, 35 F.Supp.2d 9, 11 (D.D.C.1999).

Here, after construing all the evidence in the light most favorable to NATCA, it is evident that summary judgment for the FAA is inappropriate. The FAA has not met its burden of proof by failing to show that the disputed information was properly withheld or redacted from disclosure. The declarations of FAA personnel do not offer reasonably specific justification for

the FAA's non-disclosure. Instead, the declarations of the FAA personnel are vague and unconvincing. Further, as discussed in greater detail below, the information withheld and redacted by the FAA does not logically fall within the claimed FOIA exemptions. Thus, the FAA is not entitled to summary judgment as a matter of law. Moreover, because the FAA is unable to assert any legitimate rationales for redacting and withholding the requested information, NATCA should be granted summary judgment in its favor.

### III.   ANALYSIS

#### a.   The FAA Improperly Invoked FOIA Exemptions

FOIA creates a broad statutory right for citizens to access government information. The central purpose of the statute is "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny" through the disclosure of government documents. *Madison Mechanical, Inc. v. National Aeronautics and Space Admin.*, 2003 WL 1477014, 4 (D.D.C.), citing *Dep't of Air Force v. Rose,* 425 U.S. 352, 361 (1976). In accordance with this policy, FOIA instructs the government to release those documents unless they fall within a statutory exemption. FOIA provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees and procedures to be followed, shall make records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). The FOIA statute also provides a list of exemptions from this command. 5 U.S.C. § 552(b). The burden is upon the agency to sustain its action in claiming these exemptions. In this case, the FAA has claimed FOIA exemptions (b)(4) and (b)(5).

#### 1.   FOIA Exemption (b)(4)

FOIA Exemption (b)(4) provides that an agency may withhold from disclosure "trade secrets and commercial or financial information obtained from a person [that is] privileged or

confidential." 5 U.S.C. § 522(b)(4) (1994). Whether such information may be withheld under this exemption depends upon whether it was provided to the government voluntarily or under compulsion. *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 83 F.Supp.2d 105, 110 (D.D.C.1999).

If the information was provided to the government voluntarily, then the standard in *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871 (D.C.Cir.1992), applies. In *Critical Mass Energy Project*, the Court held that Exemption 4 protects "any financial or commercial information provided to the Government on a voluntary basis if it is of a kind that a provider would not customarily release to the public." *Id.* at 872. However, if the information was required to be submitted to the government, then the test in *National Parks and Conservation Assoc. v. Morton,* 498 F.2d 765 (D.C.Cir.1974), applies. In *National Parks,* the D.C. Circuit held that "commercial or financial matter is 'confidential' for purposes of [Exemption 4] if disclosure of the information is likely to have either of the following effects: (1) to impair the Government's ability to obtain necessary information in the future; or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained." *Id.* at 770.

This Court has found that a moving party attempting to redact or withhold information has an easier task under the *Critical Mass* standard than the *National Parks* standard. *Cortez III Services Corp., Inc. v. NASA,* 921 F.Supp. 8, 12 (D.D.C.1996). Arguably, a provider of this information should not be permitted to classify a submission as "voluntary" merely in order to utilize the less stringent *Critical Mass* standard. However, that appears to be the case in this instance.

Here, NATCA is specifically seeking from the FAA independent contractor pricing and salary information for work performed in connection with the NY TRACON Overview. The FAA has invoked FOIA Exemption (b)(4) in order to shield this information (Doc.s 1-5 and 216) from disclosure. The FAA has classified this information as a voluntary submission by applying the *Critical Mass* standard and categorizing the information as "a kind that a provider would not customarily release to the Government." *Defendant's Motion for Summary Judgment* at 7.

Notwithstanding the FAA's assertions, the independent contractors' provision of this information was not a voluntary submission. The independent contractors were required to supply pricing and salary information to the FAA as part of their contract terms. As such, the independent contractors' submission of this information was a mandatory prerequisite in their selection for the contracts. Because submission of this information was mandatory, the *National Parks* standard should be applied.

By applying the *National Parks* standard to the information in question, it is apparent that the information should not have been redacted by the FAA through the use of Exemption 4. The FAA justifies the redaction of information by relying on concerns from the independent contractors regarding employee raiding and underbidding by competitors. *Fossey* Declaration ¶ 16. In general, the FAA argues that disclosure of the information withheld, pursuant to Exemption 4, would cause competitive harm and deter the willingness of private companies to share this type of information with the federal government in the future. *Def. Mot.* at 7; *Vaughn* Index at Doc. 216.

The FAA's recorded justifications for redaction of the disputed information under Exemption 4 are unpersuasive and cursory. More substantially, the FAA justifications do not support the purported rationale for redacting the information. *Cortez III,* 921 F.Supp. at 12

(where the Court explained that it must be clear from the record that [general and administrative expense] rates are sensitive and confidential materials that are entitled to protection under Exemption 4.) The FAA has failed to present any evidence into the record indicating that disclosure of this information would impair the Agency's ability to obtain necessary information in the future.

Additionally, the only evidence of substantial harm presented by the FAA is contained in the declaration of James Fossey, Director of Safety Evaluations in the Safety Division of the Air Traffic Organization at the Federal Aviation Administration. *Fossey* Decl. "It is well established that summary judgment on the basis of such agency affidavits is warranted if the affidavits describe the documents and the justifications ... with reasonably specific detail, demonstrate that the information ... logically falls within the claimed exemption and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C.Cir.1981). Fossey's declaration provides only conclusory statements that disclosure of the pricing and salary information would cause substantial, competitive harm to the independent contractors. *Fossey* Decl. ¶ 16; *Judicial Watch, Inc. v. U.S. Dept. of Energy*, 310 F. Supp. 2d 271, 288 (D.D.C. 2004). (stating, "Agency affidavits or declarations in a Freedom of Information Act (FOIA) case must be relatively detailed and non-conclusory."); *PHE, Inc. v. Department of Justice*, 983 F.2d 248, 253 (D.C.Cir.1993).

Furthermore, the independent contractors presented no evidence in support of the FOIA Exemption 4 claim. The independent contractors merely raised concerns through statements to the FAA that the disclosure of the information could be potentially harmful. *Id.* Based upon the evidence presented by the FAA, there is nothing in the record which would allow any reasonable

finder of fact to conclude that the pricing and salary information would cause substantial harm to the independent contractors. Therefore, defendant's motion for summary judgment based upon FOIA Exemption 4 should be denied.

2.     **FOIA Exemption (b)(5)**

FOIA Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party ... in litigation with the agency." 5 U.S.C. § 552(b)(5). It further protects information "normally privileged in the civil discovery context," as well as shielding the deliberative process itself from disclosure. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975); *Judicial Watch, Inc. v. Export-Import Bank*, 108 F.Supp.2d 19, 35 (D.D.C.2000). The purpose of the deliberative process privilege is to promote the free flow of opinions and recommendations without the fear of future public criticism. *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C.Cir.1980). In furtherance of this objective, "the courts have allowed the government to withhold memoranda containing advice, opinions, recommendations, and subjective analysis." *Heggestad v. U.S. Dep't of Justice*, 182 F.Supp.2d 1, 7 & n. 4 (D.D.C.2000)(quoting *Julian v. U.S. Dep't of Justice*, 806 F.2d 1411, 1417 (9thCir.1986), *aff'd* 486 U.S. 1 (1988)). However, in order for FOIA Exemption 5 to apply, the documents must be both predecisional and deliberative. *Tax Analysts v. I.R.S.*, 117 F.3d 607, 616 (D.C.Cir.1997).

In this case, the FAA argued that "the release of the redacted information identified in the *Vaughn* Index as deliberative and protected by Exemption 5 (Doc.s 6, 8, 11-15, 18-20, 23, 25-26, 29-30, 46, 49, 55-100, 102-189, 193, 214) would discourage the open, frank and candid discussions between the agency employees that are critical to the FAA's decision-making process and to the public good." *Def. Mot.* at 9. Moreover, the FAA also asserted that the

release of the disputed information would "create confusion in those cases where preliminary data later turned out to be incorrect or where certain recommendations and opinions are not adopted." *Id.* at 9-10. Therefore, the FAA argued that those documents are exempt under the deliberative process privilege.

The FAA has the burden of proving that the documents qualify under FOIA Exemption 5. Yet, the declarations of James Fossey, Shelia Skojec, Senior Attorney in the Office of Chief Counsel at the FAA, and Melanie Yohe, FAA FOIA Management Specialist, do not provide sufficient detail explaining why the privilege applies. See *Fossey Decl., Skojec Decl.,* and *Yohe Decl.* The FAA has failed to show that the documents are both predecisional and deliberative.

The broad assertion of the FAA employees alone does not bring Exemption 5 into play. *See, Hoch v. C.I.A.*, 593 F. Supp. 675 (D.D.C. 1984), motion to vacate denied, 1988 WL 212536 (D.D.C. 1988), judgment aff'd without published opinion, 907 F.2d 1227 (D.C.Cir.1990), (where the court stated that "where the record is vague or the agency's claims of exemption too sweeping the court should not rely on the affidavits alone, but should conduct an in camera review of the records."). A review of the withheld information as characterized in the *Vaughn* Index reveals it to be procedural in nature, as opposed to deliberative, and, as a result, it can hardly be deemed to be such that it would suppress frank and open discussions.

The Agency cannot solely rely on the ungrounded justifications for invoking Exemption 5. Accordingly, this Court must exercise discretion by denying summary judgment on this ground.

### 3. FOIA Exemption (b)(6)

Exemption 6 of FOIA provides for the withholding of matters contained in "personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted

invasion of personal privacy." 5 U.S.C. § 552(b)(6). Here, the FAA has redacted material identified in the *Vaughn* Index (Doc.s 19 and 30) as personal information protected by Exemption 6. Specifically, the FAA has redacted personal e-mail addresses of employees and their personal home and cellular telephone numbers. NATCA does not dispute the redaction of this information under Exemption 6.

**b.    Plaintiff's Cross-Motion for Summary Judgment Should Be Granted**

NATCA's Cross-Motion for Summary Judgment should be granted. Following the analysis put forth above, it has been shown that the declarations of FAA personnel failed to offer reasonably specific justifications for the FAA's non-disclosure. Consequently, NATCA has demonstrated that the FAA improperly invoked FOIA Exemptions (b)(4) and (b)(5) in order to redact or withhold requested information. As such, NATCA has established that there are no genuine issues of material fact and that the FAA has failed to offer sufficient evidence to support the valid use of the FOIA Exemptions. Accordingly, NATCA is entitled to summary judgment and the FAA should be ordered to disclose the redacted or withheld information initially requested by NATCA.

**IV.    CONCLUSION**

Based on the above reasoning, NATCA respectfully requests this Court to deny the Defendant's Motion for Summary Judgment and grant the Plaintiff's Cross-Motion for Summary Judgment as a matter of law.

                                              Respectfully submitted,

                                              Marguerite L. Graf (D.C. Bar No. 455693)
                                              Attorney for Plaintiff
                                              National Air Traffic Controllers Association
                                              1325 Massachusetts Avenue, N.W.
                                              Washington, D.C. 20005
                                              Phone: (202) 628-5451
Dated: August 4, 2006                     Fax: (202) 628-5767

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment was served on August 4, 2006, by first-class mail, postage prepaid, upon the following:

>Heather D. Graham-Oliver
>Assistant United States Attorney
>Judiciary Center Building
>555 4th Street, N.W.
>Washington, D.C. 20530
>
>Rudolph Contreras
>Assistant United States Attorney
>Judiciary Center Building
>555 4th Street, N.W.
>Washington, D.C. 20530
>
>Kenneth L. Wainstein
>United States Attorney
>Judiciary Center Building
>555 4th Street, N.W.
>Washington, D.C. 20530
>
>Sheila Skojec, Senior Attorney
>Litigation Division
>Office of the Chief Counsel
>600 Independence Avenue, S.W.
>Washington, D.C. 20591

**RESPECTFULLY SUBMITTED,**

By: _/s/ Marguerite L. Graf_
Marguerite L. Graf (D.C. Bar No. 455693)
Attorney for Plaintiff
National Air Traffic Controllers Association
1325 Massachusetts Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 628-5451
Fax: (202) 628-5767

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL AIR TRAFFIC )<br>CONTROLLERS ASSOCIATION, )<br>AFL-CIO )<br>1325 Massachusetts Avenue, N.W. )<br>Washington, D.C. 20005 )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>FEDERAL AVIATION )<br>ADMINISTRATION, )<br>800 Independence Avenue, S.W. )<br>Room 1010 )<br>Washington, D.C. 20591 )<br>)<br>    Defendant. )  | Civil Case No.  1:06CV00053 (EGS) |

## **PROPOSED ORDER**

Upon consideration of Defendant's Motion for Summary Judgment, Plaintiff's Cross-Motion for Summary Judgment, the responses thereto, and the record before the Court, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment is **DENIED** and that Plaintiff's Cross-Motion for Summary Judgment is **GRANTED** and summary judgment on behalf of the National Air Traffic Controllers Association, AFL-CIO is hereby **ENTERED.**

SO ORDERED:


DATE: _____      _____
                   The Honorable Emmett G. Sullivan
                   United States District Judge