## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NATIONAL AIR TRAFFIC** | ) | |
| **CONTROLLERS ASSOCIATION,** | ) | |
| **AFL-CIO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civ. Act. No. 06-0053 (EGS)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FEDERAL AVIATION** | ) | |
| **ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
### OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant respectfully submits this reply to Plaintiff's opposition to Defendant's Motion for Summary Judgment and Opposition to Plaintiff's Cross-Motion for Summary Judgment.

## I. INTRODUCTION

Plaintiff, the National Air Traffic Controllers Association, AFL-CIO (NATCA), brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, seeking the release of documents pertaining to the New York Terminal Radar Approach Control Operational Assessment Overview ("NY TRACON Overview"). In response to NATCA's FOIA request, the FAA released the majority of the requested documents in full, withholding some of the documents in part as a result of FOIA Exemptions (b)(4) and (b)(5). Defendant has adequately justified its withholding of confidential commercial or financial information under (b) (4) and deliberative process information under (b) (5); and the *Vaughn* Index provides sufficient detail regarding the withheld materials. Accordingly, there remain no material issues in dispute, the Defendant's Motion for Summary Judgment should be granted as a matter of law;

and the Plaintiff's Cross-Motion for Summary Judgment should be denied.

## II.  ARGUMENT

### DEFENDANT ADEQUATELY JUSTIFIED APPLICABILITY OF FOIA EXEMPTIONS 4 AND 5 AND THE APPROPRIATE INFORMATION WAS WITHHELD.

### A.    FOIA EXEMPTION (b) 4

Plaintiff contends that it "is specifically seeking from the FAA independent contractor pricing and salary information for work performed in connection with the NY TRACON Overview."  Plf's Opp. at p. 7.  In that regard, NATCA maintains that "the independent contractors' provision [of pricing and salary information] was not a voluntary submission. [Rather they] were required to supply [this information] to the FAA as part of their contract terms.  As such, the independent contractors' submission of this information was a mandatory prerequisite in their selection for the contracts. [And], because submission of this information was mandatory, the _National Parks_[1] standard should be applied."  Id.  Even if this Court were to apply the National Parks more stringent standard, the result would be the same in this case.

### Documents 1 - 5

With respect to Documents 1-5, pricing and salary information is not at issue.  In Documents 1-5, the FAA redacted only names of contractor employees.  This was done because

---

[1]  National Parks and Conservation Assoc. v. Morton, 498 F.2d. 765 (D.C. Cir. 1974).  As previously stated in Defendant's Motion for Summary Judgment, with respect to records required to be submitted, Exemption 4 protects as confidential "any financial or commercial information whose disclosure would be likely either (1) to impair the Government's ability to obtain necessary information in the future; or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained."  Id. at 770.  See Defendant's MSJ at 6.

the contractor asserted that release of such names could permit raiding by its competitors.

**Document 216**

The FAA did release, on the last page of this document, pricing and salary information. It released the total cost per contractor employee who worked on the NY TRACON Overview, as well as the total labor costs for the project. Thus, the FAA has indeed provided NATCA with pricing and salary information. Regarding the contractor's cost proposal, the FAA released the contractor employees' estimated hours, but redacted the hourly rate and estimated cost for each specific job category. The contractor asserted that release of the hourly rate and cost, when combined with the hours spent, would likely permit competitors to raid and underbid it. In summary, the FAA did not release estimated hourly rates and costs, but did release the actual cost per contractor employee and the total labor costs for the project. NATCA seeks the contractor employees' hourly rates, but the contractor has insisted that the FAA not release the hourly rates because it would harm its competitive position.

Specifically, the contractor - Crown Consulting, Inc. ("Crown")- objects to the release of the "Fully Burdened Labor Rates" or "Hourly Rates" for each CLIN or Labor Category. With little difficulty, release of the "Total Dollars" or "Estimated Cost" for each Labor Category along with the "Minimum Labor Hours" or "Hours" leads a competitor to a quick calculation of an individual labor category rate. Again with little difficulty, analysis of a "fully burdened rate" can quickly lead a competitor to a determination of base salary, indirect loading or "wrap rates" (if not specific overhead and other indirect rates), and profit margins or fee. Release of this information would cause substantial and irrevocable harm to Crown's competitive position and would in fact place Crown at an extreme competitive disadvantage in responding to future

solicitations.  Declaration of Robert J. Ramseth, Director of Contracts for Crown Consulting, ¶ 7.

Accordingly, the FAA properly withheld this information in accordance with Exemption (b)4.

### A.    FOIA EXEMPTION (b) 5

In its opposition, NATCA further states with little justification or support that " a review

of the withheld information (pursuant to Exemption (b) 5 and) as characterized in the *Vaughn*

index reveals it to be procedural in nature, as opposed to deliberative, and, as a result, it can

hardly be deemed to be such that it would suppress frank and open discussions."  Plf's Opp. at

10.  NATCA has essentially made a blanket statement that all of the claimed Exemption 5

documents are procedural and not deliberative but has failed to specify exactly which documents

are "merely" procedural and why they are not protected.  NATCA also fails to cite case law

indicating that procedural documents never reflect the deliberative process and are never

protected by Exemption 5.

It is as obvious as it can be from the *Vaughn* Index that the documents the FAA seeks to

protect are pre-decisional and deliberative.  Examples:

•       For example, as reflected in the *Vaughn* Index, the FAA has redacted from Document 8 a

        "portion of an e-mail that reveals FAA employees' thoughts on and deliberations

        concerning draft report."

•       The *Vaughn* Index indicates that the FAA has withheld from Document 11 an attachment

        that discusses what changes should be made in the draft report.  On its very face, it is pre-

        decisional and deliberative.

•       The *Vaughn* Index indicates that many drafts of the report have been withheld as

        deliberative.  The release of drafts, by their nature pre-decisional, to which substantive

changes were made, would chill the agency's internal deliberations.  The case law

supports the FAA's withholding of this type of pre-decisional, deliberative material.

•     Release of preliminary data that was later found to be incomplete or flawed, such as

Document 23, is pre-decisional and deliberative.  Its release could mislead the public.

In sum, NATCA has asked the Court to review the documents at issue in camera.  The

FAA does not oppose in camera review, but believes that, at least in this case, it would be a

waste of the Court's valuable time.

### III.   <u>CONCLUSION</u>

The uncontroverted evidence demonstrates that the FAA properly withheld information

that is exempt under the FOIA.  Accordingly, the FAA respectfully requests that this Court grant

its Motion for Summary Judgment, enter final judgment on its' behalf and deny NATCA's Cross

Motion for Summary Judgment.


Respectfully submitted,


/s/

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/

_____
RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney

/s/

_____

HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
 (202) 305-1334