UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL AIR TRAFFIC            )
CONTROLLERS ASSOCIATION,        )
AFL-CIO,                        )
                                )
    Plaintiff,                  )   Civ. Act. No. 06-0053 (EGS)
                                )
v.                              )
                                )
FEDERAL AVIATION ADMINISTRATION,)
                                )
    Defendant.                  )

## DECLARATION OF ROBERT J. RAMSETH
## PURSUANT TO 28 U.S.C. § 1746

1. I, Robert J. Ramseth, am over 18 years of age and live at 402 Waterford Road, Silver Spring, Maryland 20901. I have worked at Crown Consulting, Inc. (Crown) since January of 1997. I am currently serving as the Director of Contracts.

2. It is my job to oversee all of Crown's contract activities. Thus, in my capacity as Director of Contracts for Crown, I was involved in every aspect of FAA Solicitation No. DTFA02-03-R-00003 (the "Solicitation"), which led to the award of Contract No. DTFA02-02-A-04047-0004/Task DTFA02-02-T-05210 (the "Contract"). Under this Solicitation, Crown was required, as part of its price proposal, to submit or provide a rate for each labor category for each period (base and options). For Crown's proposal for the N90 Study, Crown was required to submit the appropriate labor categories from the contract to do the work, applicable rates from the contract for the period of the study, the level of effort (hours) anticipated to do the study, and Crown's estimated cost.

3. On June 29, 2006, it came to my attention that a Freedom of Information Act ("FOIA") request had been filed for information with regard to Crown's Contract.

4. On July 10, 2006, Crown submitted a response to the FAA Contracting Officer stating that it deemed the requested information to be Crown's proprietary and business confidential information. In my response, I specifically stated that Crown did not want its technical and/or cost proposal, both of which had been incorporated by reference into the contract, to be released. Since the cost of the Other Direct Costs ("ODCs") was provided in the Solicitation, Crown did not object to their release.

5. Crown relies on FOIA Exemption 4 – which protects trade secrets and commercial or financial information obtained from a person that is privileged or confidential and Exemption 6 – which permits the government to withhold all information about individuals in personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy -- in withholding the requested information from public release.

6. Crown objects to the release of its Technical and Cost Proposals, both of which were submitted to the Government as confidential/proprietary information (and were so marked) with the expectation and confidence that they would not be released to other parties. Crown expected the Government to treat this information in the same manner as Crown would have -- in that Crown would not have released this information to other parties since such a release would cause substantial and irrevocable harm to Crown's competitive position and would, in fact, place Crown at an extreme competitive disadvantage in responding to future solicitations.

7. Specifically, Crown objects to the release of the "Fully Burdened Labor Rates" or "Hourly Rates" for each CLIN or Labor Category and the "Total Dollars" or "Estimated Cost" for each CLIN or Labor Category. With little difficulty, release of the "Total Dollars" or "Estimated Cost" for each CLIN along with the "Minimum Labor Hours" or "Hours" leads a competitor to a quick calculation of an individual labor category rate. Again, with little difficulty, analysis of a "fully burdened rate" can quickly lead a competitor to a determination of base salary, indirect loading or "wrap rates" (if not specific overhead and other indirect rates), and profit margins or fee. As noted above, release of this information would cause substantial and irrevocable harm to Crown's competitive position and would in fact place Crown at an extreme competitive disadvantage in responding to future solicitations.

8. While NATCA may not be considered by some as a normal or usual competitor to Crown, Crown believes that release of this information to the "public" outside of the Government establishes access to the information by Crown's competitors. In fact, Crown is currently involved in an FAA competition for an award for the work and services it has been providing to the FAA under its current contract DTFA02-02-A-04047-0004/Task DTFA02-0-T-05210. Release of this sensitive, confidential and proprietary information at this time could be highly detrimental to Crown's opportunity to gain an award for this work.

I declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury that the foregoing is true and correct.

_[signature]_
Robert J. Ramseth

Dated: September 18, 2006

DISTRICT OF COLUMBIA, to wit:
Subscribed and sworn to before me this 18th day of September 2006.

_[signature]_
NOTARY PUBLIC

My Commission Expires:

Kelly L. Davidson
Notary Public, District of Columbia
My Commission Expires 12-14-2006