UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL AIR TRAFFIC            )
CONTROLLERS ASSOCIATION,        )
AFL-CIO                         )
1325 Massachusetts Avenue, N.W. )
Washington, D.C. 20005          )
                                )
           Plaintiff,           )
                                )
     v.                         )   Civil Case No. 1:06CV00053 (EGS)
                                )
FEDERAL AVIATION                )
ADMINISTRATION,                 )
800 Independence Avenue, S.W.   )
Room 1010                       )
Washington, D.C. 20591          )
                                )
           Defendant.           )

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff respectfully submits this Reply to Defendant's Opposition to Plaintiff's Cross-Motion for Summary Judgment.

**I.    INTRODUCTION**

Plaintiff National Air Traffic Controllers Association, AFL-CIO ("NATCA") brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the Federal Aviation Administration ("FAA") to produce requested records relating to the New York Terminal Radar Approach Control Operational Assessment Overview. Plaintiff NATCA is the exclusive representative of a nationwide bargaining unit of air traffic controllers employed by the FAA. Defendant FAA is an agency of the federal government of the United States and has possession of and control over the records Plaintiff seeks.

1

In response to NATCA's FOIA request, but subsequent to the commencement of this action, the FAA began a rolling production of requested documents. The FAA's first release of records to NATCA was on March 28, 2006. Five other releases of records occurred on April 24, 2006, April 28, 2006, May 5, 2006, May 8, 2006, and most recently on September 18, 2006.

Notwithstanding the FAA's limited release of a portion of the requested documents, the FAA has improperly withheld and redacted information to which NATCA is legally entitled. Contrary to the Defendant's assertions, the FAA has not adequately justified its withholding and redacting of deliberative process information under Exemption (b)(5). Further, the FAA's *Vaughn* Index provides wholly insufficient detail concerning the justifications for withholding and redacting the requested materials. Accordingly, NATCA's Cross-Motion for Summary Judgment should be granted in this matter and the FAA should be ordered to release the withheld and redacted information originally requested by NATCA.

## II. ARGUMENT

### A. FOIA Exemption (b)(4)

On September 18, 2006, the FAA released previously withheld pricing and salary information concerning the FAA's contract with Crown Consulting, Document 216.[1] However, the FAA redacted the hourly rate and estimated cost information for each specific job category regarding Crown Consulting's cost proposal. The information was redacted on the grounds that its release could cause substantial and irrevocable harm to Crown's competitive position and would place Crown at a competitive disadvantage in

---

[1] Please note that on September 18, 2006, the FAA also released Documents 6, 102-104, 108, and 113-114, which were previously withheld.

responding to future solicitations. Without commenting on validity of these statements offered by the FAA and Crown, NATCA does not dispute the redaction of this information under Exemption (b)(4). The FAA's September 18, 2006 release of previously withheld information satisfies NATCA's request concerning Document 216.

### B.     FOIA Exemption (b)(5)

In the FAA's Opposition to NATCA's Cross-Motion for Summary Judgment, the FAA argues that the documents sought to be withheld under Exemption (b)(5) are pre-decisional and deliberative. Specifically, the FAA remarks, "it is as obvious as it can be from the *Vaughn* Index that the documents the FAA seeks to protect are pre-decisional and deliberative." Def.'s Opp. At 4. NATCA does not find the justifications provided in the *Vaughn* Index to be as abundantly apparent as the FAA.

Many of the FAA's justifications proffered in the *Vaughn* Index merely state that the documents have been withheld as "deliberative." The FAA asserts that these documents are facially pre-decisional and deliberative, and thereby should be withheld under Exemption (b)(5). The FAA's blanket assertions that the documents are facially pre-decisional and deliberative does not meet its burden of proof by showing that the documents qualify under FOIA Exemption (b)(5). See, *Katz v. National Archives & Records Admin.,* 862 F.Supp. 476, 478 (D.D.C. 1994), *affirmed* 68 F.3d 1438 (D.C.Cir.1995) (stating, "Agency bears burden of demonstrating that materials sought under FOIA are not 'agency records' or have not been improperly withheld.").

In this regard, the FAA cannot solely rely on classifying the documents as "deliberative" without providing greater justification for invoking Exemption (b)(5). See, *Greenberg v. U.S. Dept. of Treasury*, 10 F.Supp.2d 3, 17 (D.D.C.1998) (where the Court found the *Vaughn* index provided by the CIA to be insufficient to allow evaluation of the claimed exemptions, and thereby directed the CIA to file a supplemental *Vaughn* index more specifically cross-referencing reasons why each document was being withheld or redacted.").

NATCA cannot verify the validity of the FAA's "deliberative" exemption classifications without being provided more information. NATCA strongly believes that to permit the requested information to be withheld or redacted by the FAA in such a manner would explicitly contradict FOIA's stated purpose of "piercing the veil of administrative secrecy and opening agency action to the light of public scrutiny" through the disclosure of government documents. *Madison Mechanical, Inc. v. National Aeronautics and Space Admin.*, 2003 WL 1477014, 4 (D.D.C.), citing *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976).

In conclusion, NATCA has established that there are no genuine issues of material fact and that the FAA has failed to offer sufficient evidence to support the valid use of FOIA Exemption (b)(5). Accordingly, NATCA is entitled to summary judgment as a matter of law, and the FAA should be ordered to disclose the redacted or withheld information initially requested by NATCA.[2] Alternatively, if deemed appropriate by the Court, NATCA is not opposed to an *in camera* review of the disputed documents.

---

[2] It must be noted that the FAA has mischaracterized NATCA's remedy in this matter as a request for an *in camera* inspection by the Court. Def.'s Opp. at 5. In contrast, throughout its pleadings, NATCA has consistently requested the Court to compel the FAA to disclose the withheld or redacted information in accordance with FOIA.

III.   **CONCLUSION**

Based on the above reasoning, NATCA respectfully requests this Court to grant its Cross-Motion for Summary Judgment as a matter of law.

Respectfully submitted,

Marguerite L. Graf (D.C. Bar No. 455693)
Attorney for Plaintiff
National Air Traffic Controllers Association
1325 Massachusetts Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 628-5451
Dated: October 6, 2006        Fax: (202) 628-5767

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Plaintiff's Reply to Defendant's Opposition to Plaintiff's Cross-Motion for Summary Judgment was served on October 6, 2006, by first-class mail, postage prepaid, upon the following:

Heather D. Graham-Oliver
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530

Rudolph Contreras
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530

Kenneth L. Wainstein
United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530

Sheila Skojec, Senior Attorney
Litigation Division
Office of the Chief Counsel
600 Independence Avenue, S.W.
Washington, D.C. 20591

**RESPECTFULLY SUBMITTED,**

By: _____
Marguerite L. Graf (D.C. Bar No. 455693)
Attorney for Plaintiff
National Air Traffic Controllers Association
1325 Massachusetts Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 628-5451
Fax: (202) 628-5767