**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
                                  )
NATIONAL AIR TRAFFIC              )
CONTROLLERS ASSOCIATION,          )
AFL-CIO,                          )
                                  )
              Plaintiff,          )
                                  ) Civil Action No. 06-53 (EGS)
         v.                       )
                                  )
FEDERAL AVIATION                  )
ADMINISTRATION,                   )
                                  )
              Defendant.          )
                                  )
```

### MEMORANDUM OPINION

Plaintiff, the National Air Traffic Controllers Association, AFL-CIO ("NATCA"), brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the release of documents pertaining to the New York Terminal Radar Approach Control Operational Assessment Overview ("N.Y. TRACON Overview"). In response to NATCA's FOIA request, the Federal Aviation Administration ("FAA") released many requested documents in full, but withheld some of the documents in whole or in part under FOIA Exemptions 4, 5, and 6. Pending before the Court are the parties' cross-motions for summary judgment, which contest the validity of the FAA's withholdings under Exemptions 4 and 5. Upon consideration of the motions and supporting memorandum, the responses and replies thereto, the applicable law, and the entire record, the Court determines that the FAA's invocation of the

1

deliberative process privilege to withhold documents is valid under Exemption 5, but that its withholdings under Exemption 4 have not been sufficiently justified.  Therefore, for the reasons stated herein, both motions for summary judgment are **GRANTED in part and DENIED in part.**

## BACKGROUND

In response to serious allegations of operational errors and under-staffing at the New York Terminal Radar Control ("TRACON") facility, the FAA sent an assessment team to New York on March 2, 2005.  Decl. of James Fossey, at ¶ 5.  The team was comprised mainly of air traffic personnel with experience in safety investigations and facility management, and was led by James Fossey, Director of Safety Evaluations in the Safety Division of the Air Traffic Organization at the FAA.  *Id.* at ¶¶ 1, 5.  During the on-site review, which lasted 60 days, the team reviewed operational data and practices, conducted interviews, and utilized independent experts.  *Id.* at ¶ 6.  The assessment culminated in a report issued on June 2, 2005, the N.Y. TRACON Overview, which made a number of findings and recommendations to improve the facility's operation.  *Id.* at ¶ 7.

On August 10, 2005, NATCA submitted a FOIA request for records relating to the New York TRACON assessment.  *Id.* at ¶ 9. The request sought information concerning, *inter alia*, the FAA

personnel who participated in the assessment, the rationale for initiating the assessment, the public relations surrounding the Overview's publication, and the evaluation of operational errors at the facility.  *Id.* at ¶ 10.  In response, the FAA released a number of documents in 2006, but withheld or redacted certain documents under FOIA Exemptions 4, 5, and 6.  *Id.* at ¶¶ 11-18.

NATCA filed the instant suit on January 12, 2006.  The FAA moved for summary judgment, arguing that it had conducted an adequate search for records, and that its withholding and redactions were proper under the FOIA exemptions.  NATCA opposed the motion and filed a cross-motion for summary judgment, arguing that the FAA's use of Exemptions 4 and 5 were invalid as a matter of law.  NATCA conceded that the search was adequate and that the FAA's redactions pursuant to FOIA Exemption 6 were proper.  Following that filing, on September 18, 2006, the FAA released seven documents which had previously been withheld.  *See* Pl.'s Reply at 2 n.1.  Remaining at issue are FAA's redactions in five documents pursuant to FOIA Exemption 4 and withholding and redaction of many documents pursuant to the deliberative process privilege encompassed within FOIA Exemption 5.

## STANDARD of REVIEW

Summary judgment should be granted only if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). In determining whether a genuine issue of material fact exists, the Court must view all facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The non-moving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp.*, 477 U.S. at 324.

## ANALYSIS

FOIA requires that federal agencies release all documents requested by members of the public unless the information contained within such documents falls within one of nine exemptions. 5 U.S.C. § 522(a), (b). These statutory exemptions must be narrowly construed in favor of disclosure. *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976). The government bears the burden of justifying the withholding of any requested documents through agency affidavits, an index of withheld documents, or both. *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991); *Coastal States Gas Corp. v. DOE*, 617 F.2d 854, 861 (D.C. Cir. 1980). In carrying its burden, agencies may rely on

declarations of government officials, which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith.  *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).  If the government does not satisfy its burden, the requester is entitled to summary judgment.  *See Friends of Blackwater v. U.S. Dep't of Interior*, 391 F. Supp. 2d 115, 119-22 (D.D.C. 2005) (granting plaintiff's cross-motion for summary judgment where agency had failed to meet its burden under FOIA).

**I. Exemption 4**

Exemption 4 of FOIA permits an agency to withhold "trade secrets and commercial or financial information [that was] obtained from a person [and is] privileged or confidential."  5 U.S.C. § 552(b)(4).  In *Critical Mass Energy Project v. NRC*, 975 F.2d 871 (D.C. Cir. 1992) (en banc), the test that was established for determining whether information is confidential for purposes of Exemption 4 turns on whether the information's submission to the federal government was voluntary or required.  The court held that Exemption 4 protects "any financial or commercial information provided to the Government on a voluntary basis if it is of a kind that a provider would not customarily release to the public."  *Id.* at 872.  In contrast, with respect to records required to be submitted, Exemption 4 protects as confidential "'any financial or commercial information whose

disclosure would be likely either (1) to impair the Government's ability to obtain necessary information in the future; or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained.'" *Id.* at 878 (quoting *Nat'l Parks & Conservation Ass'n. v. Morton*, 498 F.2d 765, 770 (D.C. Cir. 1974)).

At issue here are redactions in documents 1-5, which are reports from FAA contractor Crown Consulting. *See* Def.'s Vaughn Index at 2. Under Exemption 4, the FAA redacted the names of the contractor's employees and subcontractors. *Id.* According to the FAA, the contractor objects to the release of this information because the disclosure of employee names could provide competitors the opportunity to hire away staff. Fossey Decl. at ¶ 16. As an initial matter, there is no evidence in the record indicating whether this contractor information was voluntarily submitted or required by the FAA. The parties argue the matter in their briefs, but no competent evidence addressing the question has been proffered. That question being in dispute, the Court must use the more stringent standard for documents required to be submitted.

Under that standard, the FAA "is not required to provide a detailed economic analysis of the competitive environment, [but] it must provide affidavits that contain more than mere conclusory statements of competitive harm." *Gilda Indus., Inc. v. U.S.*

*Customs & Border Prot. Bureau*, 457 F. Supp. 2d 6, 10 (D.D.C. 2006). At this point, the FAA has only provided conclusory statements in the Fossey affidavit about competitive harm to Crown Consulting due to employee raiding. The FAA has not provided any authority for the assertion that this possibility of harm alone is sufficient for withholding under Exemption 4. Therefore, based on the evidence in the record, the FAA has failed to carry its burden of justifying its withholding of the contractor's employees' names under Exemption 4. *See id.*

**II. Exemption 5**

Exemption 5 protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency." 5 U.S.C. § 552(b)(5). This exemption allows an agency to withhold materials that would be privileged from discovery in civil litigation, and specifically encompasses the deliberative process privilege. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975); *Tax Analysts v. IRS*, 294 F.3d 71, 76 (D.C. Cir. 2002). The deliberative process privilege "protects the decisionmaking processes of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl." *Mapother v. DOJ*, 3 F.3d 1533, 1537 (D.C. Cir. 1993) (internal quotation marks omitted).

The privilege exempts from disclosure "recommendations, draft documents, proposals, suggestions and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Judicial Watch, Inc. v. DOJ*, 306 F. Supp. 2d 58, 70 (D.D.C. 2004). To satisfy its burden, the agency must demonstrate that the materials it withheld are both predecisional and deliberative. *Mapother*, 3 F.3d at 1537. A document is "predecisional if it was generated before the adoption of an agency policy and deliberative if it reflects the give-and-take of the consultative process." *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 151 (D.C. Cir. 2006) (internal quotation marks omitted).

At issue here is the withholding of and redactions in many documents that are emails transmitted among the FAA assessment team or drafts of charts and reports for the NY TRACON Overview. *See* Def.'s Vaughn Index at 1-12. The Court has reviewed all the contested entries in the Vaughn index. The Court finds that all the withheld or redacted material was predecisional in that it was created before the publication of the Overview on June 2, 2005. The Court also finds that the withheld or redacted documents are all deliberative in that they involve drafting, researching, and editing for the Overview report. *See, e.g.*, *id.* at documents #8, 11, 12. In fact, numerous entries describe drafts of specific sections of the report or drafts of particular

data sets used in the report.  *See, e.g.*, *id.* at documents #126-47.  Therefore, the Court finds that the FAA has properly asserted deliberative process privilege for the documents described in the Vaughn index.  *See Judicial Watch, Inc.*, 449 F.3d at 151.

## CONCLUSION

The FAA has not provided sufficient evidence of potential competitive harm to justify its redactions under FOIA Exemption 4.  Therefore, with regard to documents 1-5, the Court denies defendant's motion for summary judgment and grants plaintiff's cross-motion for summary judgment because the agency has not met its burden of justifying the withholding.  As a remedy, the Court orders the FAA to submit a more detailed explanation of the competitive harm to Crown Consulting, or some other sufficient justification, that supports the redactions in documents 1-5 under FOIA Exemption 4.  The FAA's response is due to the Court no later than April 2, 2007.

With regard to all other contested documents, the Court grants defendant's motion for summary judgment and denies plaintiff's cross-motion for summary judgment because the FAA's Vaughn Index sufficiently demonstrates that the documents are shielded by the deliberative process privilege.  In sum, defendant's motion for summary judgment is **DENIED in part**, with regard to documents 1-5, and **GRANTED in part**, with regard to all

other contested documents.  Plaintiff's cross-motion for summary judgment is **GRANTED in part,** with regard to documents 1-5, and **DENIED in part,** with regard to all other contested documents.  An appropriate Order accompanies this Memorandum Opinion.


**Signed:    Emmet G. Sullivan
             United States District Judge
             February 12, 2007**